UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWIN M. BRIONES,<br><br>    Petitioner,<br><br>  v.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | Case No.  C08-5059 BHS/KLS<br><br>REPORT AND RECOMMENDATION  TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**Noted for: March 28, 2008** |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is a Washington state inmate at the Prairie Correctional Facility in Appleton, Minnesota. He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. # 1). Because Petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the Court deny the application. The Court also recommends that, if Petitioner chooses to pursue this action and pay the filing fee, he should be ordered to amend his petition to name the proper Respondent.

## I.  DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

1     Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when
2 a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*,
3 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v.*
4 *Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973),
5 *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

6     By requesting the Court to proceed *in forma pauperis*, Petitioner is asking the government to incur
7 the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for
8 *habeas corpus*.   Petitioner's application reflects that he earns $49.00 per month (Dkt. # 1).  While the
9 undersigned recognizes that the funds to which Petitioner has access may not be great, given the fact that
10 a prisoner's basic needs are provided for while incarcerated and the minimal filing fee required to proceed
11 with this action ($5.00), it is not unreasonable to expect Petitioner to pay that fee from those funds.

12     In addition, the Court notes that Petitioner has failed to correctly name the Respondent, thereby
13 depriving this Court of personal jurisdiction. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).
14 28 U.S.C. § 2243 requires that writs are to be directed "to the person having custody of the person
15 detained."  The proper respondent in a federal habeas corpus petition is the petitioner's "immediate
16 custodian." *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir. 1986).  A custodian "is the person
17 having a day-to-day control over the prisoner.  That person is the only one who can produce 'the body' of
18 the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir. 1986).

19     Petitioner's custodian for purposes of his habeas corpus petition challenging the execution of his
20 Washington state sentence, is the warden of the prison where he is currently confined. *See, e.g.*,
21 *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.
22 1989).   Because Petitioner is a Washington state prisoner housed in an out-of-state facility, he should
23 also name the Washington Attorney General as a respondent.

## II.  CONCLUSION

25     Because it is reasonable to expect Petitioner to incur the costs to proceed with his petition, the
26 undersigned recommends that the Court deny his application to proceed *in forma pauperis*.  Accordingly,
27 the undersigned also recommends that the Court order Petitioner to pay the required filing fee **within**
28 **thirty (30) days** of the Court's order and to amend his petition to properly name the person having

REPORT AND RECOMMENDATION
Page - 2

1 custody over him.

2      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
3 parties shall have ten (10) days from service of this Report and Recommendation to file written objections
4 thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for
5 purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed.
6 R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 28, 2008**, as noted in the
7 caption.

9      Dated this 7th  day of March, 2008.

                                              Karen L. Strombom
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3