UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWIN M. BRIONES,

    Petitioner,

v.

TIMOTHY WENGLER,

    Respondent.

Case No. C08-5059 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
August 22, 2008**

Petitioner Edwin M. Briones filed a 28 U.S.C. § 2254 habeas corpus petition related to his April 2004 convictions of one count of Possession of Methamphetamine with Intent to Manufacture or Deliver While Armed With a Firearm and two counts of Second Degree Unlawful Possession of a Firearm. (Dkts. # 7, 8). Respondent answered (Dkt. # 19) and submitted the relevant record of state court proceedings. (Dkt. # 20).

Having carefully considered the parties' filings and the record relevant to the grounds raised in the petition, it is recommended that Mr. Briones' habeas petition be denied and this action dismissed.

## I. FACTUAL BACKGROUND

**A.    State Court Procedural History**

Mr. Briones appealed from his judgment and sentence to the Washington Court of Appeals,

REPORT AND RECOMMENDATION- 1

and presented the following issues:

> 1) Is contact between police and a citizen a "consensual encounter" where the citizen is asked for identification and a warrants check is run?
>
> 2) Is an investigatory detention lawful where the police had no reasonable suspicion that the citizen was engaged in or about to become engaged in criminal activity?
>
> 3) Does a defendant receive ineffective assistance of counsel where counsel fails to raise an issue supporting suppression of evidence for which there is establish [sic] law requiring suppression and admission of the evidence is not harmless?
>
> 4) Is the search of a vehicle parked outside of a hotel permissible as a search incident to arrest where the arrest took place inside the hotel?
>
> 5) Does a trial court have authority under CrR 7.8 to "modify" a sentence on motion of the State when the State argues that the sentence previously imposed was based on an error of law?

(Dkt. # 20, Exh 3, p. i).

The Washington Court of Appeals affirmed the judgment and sentence. *Id.*, Exh. 2. Mr. Briones sought review by the Washington Supreme Court. *Id.*, Exh. 5. Mr. Briones requested that the Washington Supreme Court "review all issues presented in his original appeal," and noted that the "Appellate Court failed to even address [his] ineffective assistance claim made in his original appellate brief." *Id.*, Exh. 5, p. 1.

The Washington Supreme Court denied review on January 31, 2006. *Id.*, Exh. 6. The Washington Court of Appeals issued its mandate on March 24, 2006. *Id.*, Exh. 7.

Mr. Briones filed a personal restraint petition in the Washington Court of Appeals, raising the following issue for review:

> The state has failed to prove beyond a reasonable doubt, to the trier of fact, that Mr. Briones was armed with a firearm (rcw 9.94a.310) at the time of the commission of the crime of "possession of methamphetamines with intent to manufacture or deliver (rcw 69.50.401). The result is a violation of Mr. Briones Fourteenth amendment right to Due Process and Equal Protection of the Law.

REPORT AND RECOMMENDATION- 2

*Id*., Exh. 8. The Washington Court of Appeals dismissed the petition on June 18, 2007. *Id*., Exh. 10.

Mr. Briones sought review by the Washington Supreme Court. *Id*., Exh. 11. The Washington Supreme Court denied review on November 21, 2007. *Id*., Exh. 12. The Washington Court of Appeals issued a certificate of finality on May 1, 2008. *Id*., Exh. 13.

**B.      State Court Factual Background**

The Washington Court of Appeals summarized the facts surrounding Mr. Briones's convictions and sentence as follows

> On December 18, 2003, Bremerton police were pulling out of a local hotel parking lot when one of the officers, Detective Aaron Elton, noticed Briones's car pull into the lot. Detective Elton recognized the car and Briones, a convicted felon, from two prior incidents. Detective Elton did a U-turn back into the parking lot, telling his fellow officers that he was going to make contact with Briones. According to Detective Elton, he wanted to make contact with Briones because Briones had fathered a child with Emily Hiquiana. Detective Elton was aware of an ongoing drug case involving Hiquiana and he wanted to check on the case's status as it had been quiet for a long time.
>
> Detective Elton contacted Briones after Briones had parked his car and got out of it. Detective Elton introduced himself to Briones and asked about Hiquiana and whether she was resolving her legal issues. Briones recognized Detective Elton from their prior exchanges and told him that Hiquiana was staying in the hotel. Briones told Hiquiana's room number to Detective Elton and agreed to lead Detective Elton to the room. Detective Randy Plumb joined them.
>
> As the three walked to Hiquiana's room, Detective Plumb "gathered [Briones's] information, his name and date of birth," and radioed dispatch to check for outstanding warrants. 1 Report of Proceedings (RP) at 10. When dispatch reported an outstanding warrant, Briones was arrested. Detective Plumb searched Briones incident to the arrest and found an electronic scale, a baggie of marijuana, and $1,836 in cash.
>
> Detective Elton then called for the local K-9 unit, which included Officer William Endicott and Rosco, a police dog trained to detect certain drugs. Officer Endicott had Rosco do a "sniff" on the exterior of Briones's car. Rosco alerted to the presence of drug odor emanating from the rear hatch. While conducting the sniff, Officer Endicott noticed a rifle and pistol sitting in the passenger compartment of the

REPORT AND RECOMMENDATION- 3

car.

> Based on Rosco's sniff and the visible firearms, Detective Elton obtained a warrant to search Briones's car. The warrant was served and the detectives seized the two guns, methamphetamine, marijuana, and drug paraphernalia.
>
> A jury found Briones guilty of one count of possession of methamphetamine with intent to manufacture or deliver while armed with a firearm and two counts of second degree unlawful possession of a firearm. The sentencing court, based on erroneous information from the prosecutor and defense counsel, imposed the 36-month firearm enhancement concurrently with Briones's sentence on the underlying methamphetamine conviction. RCW 9.94A.533(3)(e) requires that all firearm enhancements run consecutively to the underlying offense.
>
> A week later, the prosecutor filed a motion to correct Briones's erroneous sentence. Briones's counsel objected. He argued that because the firearm enhancement already elevated the seriousness level of Briones's methamphetamine conviction from a "II" to a "III," [court's footnote 1. RCW 9.94A.518.] thereby raising the standard sentencing range, it would violate double jeopardy for the firearm enhancement to also run consecutively to the underlying offense. The court rejected defense counsel's argument and corrected Briones's erroneous sentence. . . .

(Dkt. # 20, Exh. 2, at 1-3).

## II. CLAIMS FOR RELIEF

Mr. Briones raises the following grounds for relief in his federal habeas petition:

1) Violation of Fourteenth Amendment Right to Due Process and Equal Protection of Laws. "Stipulated Facts" at trial. The state failed to present factual proof in support of its allegations that Mr. Briones was "armed" with a firearm.

2) SIXTH AMENDMENT VIOLATION – Councels [sic] failure [to] suppress evidence and question legality of search and seizure. INEFFECTIVE ASSISTANCE OF COUNCEL [sic].

(Dkt. # 7, pp. 5-6)[1].

Respondent concedes that Petitioner's first claim is exhausted, but argues that his second claim, regarding ineffective counsel, is not. Each of the issues raised in the petition are discussed below.

---

[1] Citations are to CM-ECF pagination.

REPORT AND RECOMMENDATION- 4

## III. EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The undersigned concludes that there are no relevant factual disputes to resolve in order to render its decision in this case and accordingly, an evidentiary hearing need not be conducted.

## IV. DISCUSSION

This Court's review of the merits of Mr. Briones' claims is governed by 28 U.S.C.§ 2254(d)(1). Under that standard, the Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(c) and (d)(1). The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law." *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

A state-court decision is contrary to clearly established precedent if it "applies a rule that

REPORT AND RECOMMENDATION- 5

contradicts the governing law set forth in" a Supreme Court decision, or "confronts a set of facts that are materially indistinguishable" from such a decision and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06) (2000)). "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Therefore, a federal court may not overturn a conviction simply because the state court misinterprets state law. *See id.* at 605; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; *see also Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). In addition, for federal habeas corpus relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (citation omitted).

**A.      Claim One - Insufficient Proof of "Armed" With a Firearm During Commission of Crime**

Mr. Briones claims that there is insufficient evidence to prove he was armed with a firearm while in the possession of methamphetamine because the prosecution stipulated he was arrested outside his hotel room. (Dkt. # 7, p. 5). The prosecution and Mr. Briones entered into a stipulation at trial that Mr. Briones was arrested "outside the Howard Johnson Hotel room 560 in Bremeton, Washington," (Dkt. # 20, Exh.8, Exh. 1 thereto). Because he was arrested outside of his hotel room and a rifle and pistol were found in the rear passenger compartment of his vehicle, Mr. Briones argues that the state has failed to present factual proof in support of its allegation that he was "armed" with a firearm. (Dkt. # 7, p. 5).

REPORT AND RECOMMENDATION- 6

When evaluating a claim of insufficiency of the evidence to support a conviction, the question is not whether the Court itself believes the evidence establishes guilt. "Instead, the relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis original). The Court must "view the record as a whole in the light most favorable to the prosecution." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.), cert. denied, 489 U.S. 1077 (1990).

The Court's review is limited to "record evidence." *Herrera v. Collins*, 113 S. Ct. 853, 861 (1993). Review is sharply limited, and the Court owes great deference to the trier of fact. *Wright v. West*, 112 S. Ct. 2482, 2492, (1992). A sufficiency of evidence review is undertaken with reference to the elements of the criminal offense as set forth by state law. *Jackson*, 443 U.S. at 324 n. 16.

In its rejection of Mr. Briones's claim, the Washington Court of Appeals stated that it looked at all of the evidence presented to the jury, not just Mr. Briones's stipulated facts:

> Briones argues that because he possessed neither the methamphetamine nor the firearms while in the officers' presence, a firearm enhancement was improper. He argues that because officers did not discover the methamphetamine until four days after his arrest, there was no potential for him to use the firearms during commission of the offense. Because of this, he argues, the State proved mere presence, which is insufficient to justify a sentence enhancement. And last, he argues that there was no nexus between the firearms, the crime, and himself.
>
> As long as any rational trier of fact could have found that Briones was armed when he committed the offense, viewing the evidence in the light most favorable to the State, sufficient evidence exists to uphold the weapon enhancement. [court's footnote 2. Despite Briones's claim otherwise, we look at all the evidence presented to the jury, not just his stipulated facts.] *State v. Eckenrode*, 159 Wn.2d 488, 494, 150 P.3d 1116 (2007); *State v. DeVries*, 149 Wn.2d 842, 849, 72 P.3d 748 (2003); *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).
>
> Briones relies on *State v. Gurske*, 155 Wn.2d 134, 118 P.3d 333 (2005), and cases it discusses, but none of these cases supports his claim. [footnote 3 omitted] The deadly weapon enhancement applies if the defendant was armed with a firearm during the commission of the crime. Possession with intent to deliver or manufacture is a continuing crime and thus the evidence need only show that at some point in

REPORT AND RECOMMENDATION- 7

time, petitioner possessed these drugs while armed. The State showed this by proving that he was in his car, his drugs were in his car, and the weapons were readily available for offensive or defensive use. *State v. Sabala*, 44 Wn. App. 444, 723 P.2d [ ] (1986).

(Dkt. # 20, Exh. 10, pp. 2-3).

The Washington Supreme Court agreed with the appellate court's conclusion:

> A person is armed with a firearm during commission of a crime if the weapon is easily accessible and readily available for offensive or defensive use. *State v. Gurske*, 155 Wn.2d 134, 137, 118 P.3d 333 (2005). The evidence here shows that the police observed Mr. Briones driving a car in which methamphetamine, marijuana, and drug paraphernalia were found. Mr. Briones had on his person evidence of drug transactions, an electronic scale, a baggie of marijuana, and more than $1,800 in cash. A rifle and pistol were found in the passenger compartment of Mr. Briones's car. This evidence established that Mr. Briones had firearms within reach while he was in unlawful possession of methamphetamine with the intent to deliver the drugs. *See Eckenrode*, 59 Wn.2d at 494 (readily accessible firearms in house containing drug manufacturing operation); *State v. Sobala*, 44 Wn. App. 444, 448, 723 P.2d 5 (1986) (defendant driver armed when weapon was within reach).

(Dkt. # 20, Exh. 12, pp. 1-2).

It is clear from the trial court record that evidence relating to the drugs, drug paraphernalia and firearms possession was presented to the jury by the prosecution in addition to the stipulations agreed to by the prosecution and defense. (*See, e.g.,* Dkt. # 20, Exh. 9, pp. 1-6).

This court is not aware of any federal authority requiring the trier of fact to limit its review to the stipulated facts. The state appellate courts reasonably concluded that all of the evidence must be reviewed and that when all of the evidence was viewed in the light most favorable to the prosecution, it was sufficient to support Mr. Briones's convictions and sentence.

Because the state court adjudication was not contrary to or an unreasonable application of clearly established federal law, Mr. Briones is not entitled to relief under 28 U.S.C. § 2254 and the undersigned recommends that his claim for relief be denied.

**B.     Exhaustion and Procedural Default of Second Claim - Sixth Amendment Right to Counsel**

REPORT AND RECOMMENDATION- 8

Respondent argues that Mr. Briones failed to properly exhaust his second habeas claim regarding ineffective counsel by not challenging evidence seized during a search because Mr. Briones failed to fairly present the claim to the Washington Supreme Court in either his direct appeal or personal restraint petition. (Dkt. # 19, p. 14). Nor did Petitioner present this claim when seeking review of the dismiss of his personal restraint petition. *Id*. (citing Dkt. # 20, Exh. 11).

In addition, because more than one year has passed since Mr. Elliott's state court judgment became final and the rule prohibiting successive petitions, his claim is now procedurally barred in state court under RCW 10.73.090, RCW 10.73.140, and RAP 16.4(d).

The exhaustion doctrine, as codified by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that habeas relief must be denied if the petitioner has not "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("Federal petitions for habeas corpus may be granted only after avenues of relief have been exhausted."). Exhaustion requires that a petitioner "fairly present" his federal claims to the highest state court available. *Weaver v. Thompson*, 197 F.3d 359, 365 (9th Cir. 1999); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." (emphasis in original)).

Fair presentation requires that the petitioner "describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional

REPORT AND RECOMMENDATION- 9

guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Although exhaustion of state remedies under AEDPA does not require that a habeas petitioner present to the state courts every piece of evidence supporting his federal claims in order to satisfy the exhaustion requirement, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. *Davis v. Silva*, 511 F. 3d 1005, 1008 (9th Cir. Jan. 2, 2008).

Mr. Briones raised the issue of ineffective assistance of counsel for failure to raise an issue supporting suppression of evidence in his direct appeal (Dkt # 20, Exh. 3), but failed to raise it as a federal claim. Similarly, in his petition for review before the Washington Supreme Court, Mr. Briones refers generally to his claim, when he requested the Supreme Court to review all issues presented in his original appeal and states that the Appellate Court failed to address his ineffective assistance claim. *Id*., Exh. 5, p. 1. However, he did not present any legal argument in support of any issue and he did not present the issue as a federal claim. The issue was not raised in Mr. Briones's personal restraint petition. (Dkt. # 20, Exh. 8, p. 1).

For exhaustion purposes, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Davis*, 511 F.3d at 1008; *Gray*, 518 U.S. at 163. For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, was well as a statement of the facts that entitle the petitioner to relief. *Id*. at 162-63. To give state courts an opportunity to properly address his ineffective assistance claim, Mr. Briones would have had to present it as a federal constitutional violation, at every level of state courts' review and he has not done so. *See Ortberg v. Moody,* 961 F.2d 135, 138 (9th Cir. 1992)

REPORT AND RECOMMENDATION- 10

(a petitioner must properly raise a habeas claim on every level of direct review in order to properly exhaust).

**(1)    Dismissal of Unexhausted Claim**

As Mr. Briones's second ground for federal *habeas corpus* relief has not been fully exhausted, the court is presented with a mixed petition containing both exhausted and unexhausted federal claims, which, in itself requires dismissal of the petition. Federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber,* 125 S. Ct. 1528, 1532-33 (2005). Instead, such petitions "must be dismissed for failure to completely exhaust available state remedies." *Jefferson v. Budge,* 419 F.3d 1013, 2005 WL 1949886 *2 (9th Cir. 2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982)).

Before dismissing the petition, generally the court is required to provide Petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.; see also Rhines*, 125 S. Ct. at 1535; *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed petition by striking unexhausted claims). This is not so, however, where the petitioner would be procedurally barred from returning to state court to address the unexhausted claims.

The record reflects that Mr. Briones is now procedurally barred from presenting his unexhausted claim to the Washington State courts pursuant to RCW 10.73.090(1), which provides that no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final. Mr. Briones's convictions became final for purposes of the state time bar statute when the state court issued the mandate on March 24,

REPORT AND RECOMMENDATION- 11

2006. (Dkt. # 20, Exh. 7). Because it is now more than one year since the date that Mr. Briones's state court judgment became final, the claim is time-barred in state court. Because his claim is procedurally barred under Washington law, it is not cognizable in a federal habeas petition, absent a showing of cause and prejudice or actual prejudice.

### (2) Cause and Prejudice Or Fundamental Miscarriage of Justice

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause," the petitioner must show that some objective factor, external to the petitioner, prevented compliance with the state's procedural rule. *Id.* at 753. "The fact that [a petitioner] did not present an available claim or that he choose to pursue other claims does not establish cause." *Martinez-Villareal v. Lewis,* 80 F.3d 1301, 1306 (9th Cir. 1996).

Mr. Briones has not provided the Court with any evidence of cause and prejudice or a fundamental miscarriage of justice. Because he cannot excuse his procedural default, his first habeas claim is not cognizable in this federal habeas corpus proceeding.

### V. CONCLUSION

Based on the foregoing discussion, Mr. Briones' habeas petition should be denied, and this action dismissed. A proposed Order of Dismissal accompanies this Report and Recommendation. No evidentiary hearing is required as the record conclusively shows that Petitioner is not entitled to relief.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

REPORT AND RECOMMENDATION- 12

1 | Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 22, 2008** as noted in the caption.

DATED this 6th day of August, 2008.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 13